United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20402
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO GARCIA-ARIOLA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-571-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Alfredo Garcia-Ariola appeals his sentence for illegal

reentry into the United States after deportation following a

conviction for an aggravated felony, in violation of 8 U.S.C.

§ 1326(a) and (b).

     Garcia-Ariola challenges, for the first time on appeal, the

constitutionality of § 1326(b)'s treatment of prior felony and

aggravated felony convictions as sentencing factors rather than

elements of the offense that must be found by a jury in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000).  Garcia-Ariola's

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Defendant contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Garcia-Ariola properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Garcia-Ariola's sentence is affirmed.

Garcia-Ariola also argues, for the first time on appeal, that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of his supervised release and that this condition should therefore be vacated. This claim is dismissed for lack of jurisdiction because it is not ripe for review. <u>See</u> <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1101-02 (5th Cir. 2005), <u>petition for cert. filed</u> (Jan. 9, 2006) (No. 05-8662).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.